IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK LAKEY,

    Petitioner,                   No. CIV S-05-1864 GEB GGH P

    vs.

RODERICK Q. HICKMAN,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

*Introduction and Summary*

        This matter came on for hearing on July 20, 2006. Petitioner was represented by Mark Greenberg; Brian G. Smiley appeared for respondent.

        Although petitioner's underlying substantive legal issues in the state courts have involved a complex, even unique situation, the procedural issue in this motion to dismiss based on the statute of limitations is well settled after Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807, 1812 (2005) – if a state court rules that a petition for habeas corpus filed in the state courts is untimely, that is "the end of the matter" as far as statutory tolling goes. Because that principle resolves the instant motion, the undersigned recommends that respondent's motion to dismiss based on expiration of the statute of limitations be granted, and that petitioner's federal habeas corpus petition be dismissed.

*Facts*

Petitioner and his co-defendant were convicted of first degree murder and two counts of attempted murder arising out of drive-by shootings. Petitioner's conviction was lessened to manslaughter by the Court of Appeal because his co-defendant fired the fatal shots, and the co-defendant's conviction had been reversed for jury instruction error. The Court of Appeal reasoned that an aider and abettor (petitioner) could not suffer a conviction greater than the actual perpetrator. The Court of Appeal found on the record before it that the most grievous offenses for which petitioner could be convicted were manslaughter offenses. The California Supreme Court reversed with respect to petitioner Lakey in People v. McCoy, 25 Cal. 4th 1111, 108 Cal. Rptr. 2d 188 (2001). Petitioner's murder and attempted murder convictions were reinstated, but the case was remanded to the Court of Appeal for consideration of another issue. Petitioner was denied relief on this issue and his second petition for review to the California Supreme Court was denied on July 31, 2002.

Petitioner then went on a double round of state habeas corpus review (Superior Court to Court of Appeal to California Supreme Court– twice). A complete chronology of the filings, starting with the final direct review denial, is as follows (petitioner is given the benefit of the prison mailbox rule for all filings):

Decision of California Supreme Court on direct review – July 31, 2002 (for habeas finality purposes add 90 days which would make the "final" for direct review October 30, 2002.

1. First State Petition for Habeas Corpus – filed in Superior Court April 5, 2003 and denied on the merits May 15, 2003.

2. Second State Petition for Habeas Corpus – filed in the Court of Appeal August 7, 2003 and denied August 15, 2003.

3. Third State Habeas Petition for Habeas Corpus – filed in the state supreme court November 4, 2003 and denied without comment on August 25, 2004.

4. Fourth State Habeas petition for Habeas Corpus – filed in the Superior Court September 24,

1  2004 and denied November 5, 2004.

2  5. Fifth State Habeas Petition for Habeas Corpus – filed in the Court of Appeal December 8,

3  2004 and denied without comment December 22, 2004.

4  6. Sixth State Habeas Petition for Habeas Corpus – filed in the state supreme court on January 5,

5  2005 *and denied as untimely* on December 14, 2005 (citing In re Clark, 5 Cal. 4th 750 (1993) and

6  In re Robbins, 18 Cal. 4th 770, 780 (1998)).

Petitioner filed his federal petition on September 15, 2005. In the petition, counsel requested a stay pending resolution of the last filed state supreme court habeas petition. This state request was granted, and approximately three months later, the court was notified that the California Supreme Court had issued its decision. None of the federal petition post-filing activities make any difference to the outcome of the statute of limitations motion since respondent claims that the *initial* filing was untimely.[1]

*Issues*

Was petitioner entitled to statutory or equitable tolling which would permit his federal petition to be considered timely?[2]

---

[1] Moreover, no amended petition was filed in this case. As counsel for petitioner conceded, the initial federal filing was made to stop further running of the then presumably expired statute of limitations in order to preserve or enhance tolling arguments.

[2] No party disputes that without tolling the present petition is time barred. Title 28 U.S.C. § 2244(d)(1) and (d)(2) provide:
(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other

*Discussion*

Respondent expends a great deal of discussion on the argument that certain time intervals between state filings were too lengthy in and of themselves to allow tolling, and concludes such based on Evans v. Chavis, __U.S.__, 126 S. Ct. 846 (2006) interpreting Carey v. Saffold, 536 U.S. 214, 122 S. Ct. 2134 (2002). However, that problematic analysis is not necessary in that if one simply counts the expiration of time between the final direct review and the first state habeas petition (**157 days)**, and couples that with the fact that state tolling expired on December 22, 2004, as a matter of law, thereby utilizing another **267** days until the filing of the federal habeas petition on September 15, 2005, well over a year expired (**424** days) (not counting tolling) between the finality of direct review and the filing of the federal petition.[3]

Petitioner's dispute with the above analysis centers about his contention that the sixth state habeas petition should count in the tolling analysis as well. However, the Supreme Court has made clear that if the state court rules that a habeas petition is denied as untimely, *the petition does not count for tolling purposes* because it was not "properly filed" as required for tolling, and "' that [is] the end of the matter.'" Pace v. Diguglielmo, 544 U.S. at 414, 125 S. Ct. at 1812. There is no further analysis necessary – "the end of the matter" is strong, unequivocal language and must be followed.[4] See also Bonner v. Carey, 425 F.3d 1145 (9th Cir. 2005), as

---

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] The undersigned has even counted as tolled the interim period between the denial of the third habeas petition (end of the first round) and the recommencement of a round of habeas with the fourth habeas petition. Respondent is correct that such time would not be tolled, but the interim period between rounds is unnecessary to the analysis.

[4] Petitioner believes that the Pennsylvania timeliness rules differentiate his case from that of his case subject to California timeliness rules because California rules are arguably more indefinite. However, petitioner misapprehends the Pace ruling. Pace did not depend on the intricacies of Pennsylvania law, but on the holding of the Pennsylvania courts that the petition there was untimely. The Supreme Court held that "time limits, *no matter their form*, are "filing conditions." Pace, supra, at 417, 125 S.Ct. at 1814 (emphasis added). Of course, the availability of statutory tolling depends on a "properly filed" state habeas petition. 28 U.S.C. § 2244(d)(2). Pace does not require, and indeed forbids, a look behind the state court's timeliness ruling when

4

amended, 439 F.3d 993 (9th Cir. 2006).

Perhaps realizing this, petitioner suggests that his misperception of the law, or his inability to forecast the Supreme Court's decision, entitles him to equitable tolling. However, this has not been found meritorious for equitable tolling analysis, and in any event, Pace's language, context and holding precludes equitable tolling. In Pace, the petitioner there made the same argument that petitioner makes here – I was relying on settled (but ultimately erroneous) Circuit "tolling" law when I was exhausting my state remedies. The Pace court did not find this plea meritorious. The Pace petitioner waited years before making the claims he later inserted into his ultimate and final state habeas petitions, and then waited for five months after his state habeas proceedings were final to get his federal petition on file. In this case, after a very lengthy direct review process, petitioner Lakey decided not to include all his claims in the first round of state exhaustion, and inexplicably waited for a second round to file his afterthought sentencing claims (petitioner makes no argument that the claims raised in the second round were not available for the first round, and indeed, could make no such argument[5]). Petitioner should have known that the state courts were likely to find his second round untimely or successive because he unnecessarily doubled the time in which to have all his claims heard. Moreover, *none* of the issues raised in the second round of state habeas proceedings constitute the claims in the current federal petition. In principle, petitioner's situation is indistinguishable from that of Pace.[6]

\\\\\

---

pertinent to the statute of limitations tolling analysis.

[5] The second state petition involved a sentencing enhancement issue.

[6] Nor is petitioner's variant argument – I thought a previous Supreme Court case (Artuz) indicated that state procedural rulings could not be used in determining what was "properly filed" – any more entitled to equitable tolling than the first. The point here is that petitioner should have filed his federal petition, *at the latest*, after his first round of state habeas petitions. Petitioner's belief that he was entitled to endless rounds of state tolling is mistaken at best and unreasonable at worst. The entire AEDPA concern about adjudicating alleged federal constitutional errors in state trial court proceedings *quickly* would be read out of the statute if petitioner's argument were correct.

Equitable tolling should be reserved for extraordinary situations of unique, outside impediments beyond a petitioner's control causing a delayed federal filing. <u>Calderon v. U.S. District Court (Beeler)</u>, 128 F.3d 1283, 1288-89 (9th Cir. 1997), <u>overruled on other grounds</u>, <u>Calderon v. U.S. District Court (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998). Unless the extraordinary is to be interpreted so as to include routine misperceptions, unknowing mistakes, or even bad luck, equitable tolling cannot be found appropriate here. <u>See</u>, <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("We now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Ignorance of the law does not constitute such extraordinary circumstances. <u>See</u> <u>Hughes v. Idaho State Bd. of Corrections</u>, 800 F.2d 905, 909 (9th Cir. 1986). <u>See</u> also <u>Arrieta v. Battaglia</u>, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling"); <u>Williams v. Sims</u>, 390 F.3d 958, 963 (7th Cir. 2004) ("[E]ven reasonable mistakes of law are not a basis for equitable tolling"); <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's unfamiliarity of law did not toll statute); <u>Eisermann v. Penarosa</u>, 33 F. Supp. 2d 1269, 1273 (D.Haw. 1999) (lack of legal expertise does not qualify prisoner for equitable tolling); <u>Henderson v. Johnson</u>, 1 F. Supp. 2d 650, 656 (N.D. Tex. 1998) (same).

*Conclusion*

Respondent's motion to dismiss the petition based on the AEDPA statute of limitations should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss the petition as barred by the AEDPA statute of limitations, filed on April 13, 2006, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3 shall be served and filed within ten days after service of the objections.  The parties are advised
4 that failure to file objections within the specified time may waive the right to appeal the District
5 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/20/06

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
lake1864.157